IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil No. 4:23-cv-521 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | VERIFIED COMPLAINT FOR |
| | ) | FORFEITURE IN REM |
| A BLACK SAMSUNG CELL PHONE SEIZED FROM KENNETH CRUM, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property (hereinafter the "Defendant Property") to the use and benefit of the United States of America ("Plaintiff") for its involvement, as set forth below, in violations of Chapter 110, Title 18, United States Code.

2. The Defendant Property is described as a Black Samsung SM-N970U with serial number/IMEI 358230103104437 seized from Kenneth Crum (hereinafter "CRUM").

3. The United States believes the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 2254 (civil forfeiture), and 18 U.S.C. § 2253 (criminal forfeiture, made applicable via § 2254) as visual property, real or personal, used or intended to be used to commit or to promote the commission of §§ 2251 – 2252A of Title 18, United States Code.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this case, pursuant to 28 U.S.C. § 1345 (United States as plaintiff), as an action commenced by the United States of America, and pursuant to 28 U.S.C. § 1355(a) (Fine, penalty, or forfeiture), as an action for forfeiture.

5. This Court has in rem jurisdiction and venue over the Defendant Property under 28 U.S.C. §§ 1355(b) and 1395(b) as the acts or omissions giving rise to the forfeiture occurred in this District and because the Defendant Property was seized from and is located in this District.

## III.   FACTS

6. CRUM came to the attention of law enforcement in November of 2020 when a woman, with whom he had previously been close, complained to law enforcement that she was receiving lewd and unwanted phone messages on her cellular telephone from unknown persons.

7. Law enforcement investigated and eventually discovered CRUM had posted several pictures with sexually explicit captions of her, and other women, on an adult website.  He had at least once posted her telephone number with a photo on the website.

8. Law enforcement also learned CRUM had posted photos of a ten-year-old female on the same website. Most of the pictures of the minor, if not all, were accompanied by different captions suggesting sexual activities that could be done to her.

9. On the same website, CRUM also posted pictures of teenage girls and expressed an interest in seeing pictures of other young girls.

10. Based on information derived from the ongoing investigation, law enforcement obtained a warrant and collected CRUM's electronic equipment, including e his cellular telephone. CRUM's cell phone and eight other electronic computer-type devices were seized.

11. On the seized cell phone (which is the Defendant Property), over five thousand images of child pornography were recovered.

12. CRUM admitted using the Defendant Property to search for naked images of females between the ages of 10 and 40 years old.

13. CRUM admitted to accessing the Internet with the Defendant Property.

14. The Defendant Property was produced using materials that were shipped or transported in or affecting interstate commerce, and the images on the devices are believed to have been downloaded from the Internet, which is a means and facility of interstate and foreign commerce.

15. CRUM was indicted in this District on January 27, 2021, on charges of possession and receipt of child pornography. *United States v. CRUM,* Crim. No. 1:21-CR-00006 (S.D. Iowa) (R. Doc. 3, 4).

16. On June 28, 2021, CRUM pled guilty without a plea agreement to receiving and possessing child pornography. (R. Doc. 24).

17. October 25, 2021, CRUM was sentenced to 210 months in federal prison. (R. Doc. 42-43). He appealed and his sentence was affirmed. (R. Doc. 57).

## IV.  COUNT ONE
### (FORFEITURE UNDER 18 U.S.C. 2254)

18. Plaintiff repeats and realleges each and every allegation set forth above.

19. The Defendant Property is personal property used to receive and possess child pornography, in violation of 18 U.S.C. § 2252 and § 2252A.

20. As a result of the foregoing, the Defendant Property is liable to condemnation and to forfeiture to the United States for its use, in accordance with 18 U.S.C. § 2254.

## V. CONCLUSION

WHEREFORE, the Plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the Defendant Property, that notice of this action be given to all persons known or thought to have an interest in or right against the property, that the Defendant Property be forfeited to the United States, and that it be awarded its costs and disbursements in this action, and such other and further relief as the Court deems proper and just under the facts and applicable law.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Craig Peyton Gaumer*
Craig Peyton Gaumer Assistant
United States Attorney U. S.
Courthouse Annex,
Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Robert Larsen, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *in Rem,* and know the contents thereof and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the United States and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as Task Force Officer with the Federal Bureau of Investigation.

Dated: December 1, 2023.

*Robert Larsen*
Robert Larsen, Task Force Officer
Federal Bureau of Investigation